**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT ASHLAND**

**CIVIL ACTION NO. 23-37-DLB**

**JOHN LARRY DANIELS**                                                   **PLAINTIFF**

**VS.**                         **MEMORANDUM OPINION AND ORDER**

**DOUG CRALL, ET AL.**                                        **DEFENDANTS**

\*\*\* \*\*\* \*\*\* \*\*\*

John Larry Daniels is an inmate at the Eastern Kentucky Correctional Complex (EKCC) in West Liberty, Kentucky. Proceeding without a lawyer, Daniels recently filed a civil rights complaint with this Court (Doc. # 1), along with various supporting documents (Doc. # 1-1). Daniels's submissions are now before this Court on initial screening pursuant to 28 U.S.C. § 1915A. The Court has reviewed Daniels's filings and will dismiss his complaint without prejudice because it does not comply with the Federal Rules of Civil Procedure, namely Rule 8, and, more importantly, it is plainly apparent from the face of his submission that he has not yet fully exhausted his administrative remedies.

As an initial matter, Daniels's complaint does not comply in any meaningful way with the Federal Rules of Civil Procedure. The Court recognizes that Daniels is complaining about the medical care he is (or is not) receiving at the EKCC, particularly as it relates to his alleged endocarditis and/or hepatitis diagnoses. (*See* Docs. # 1, 1-1). However, Daniels's pleading does not contain "a short and plain statement of the claim showing that [he] is entitled to relief" and fails to include allegations that are "simple, concise, and direct," as required. Fed. R. Civ. P. 8(a)(2), (d)(1). Instead, Daniels's allegations and legal claims are convoluted and exceedingly difficult to follow.

While Daniels initially utilized a standard complaint form and listed at least seven different defendants, he did not clearly state the facts of his case or explain in a readily understandable way what each named defendant did or failed to do to cause him harm. (*See* Doc. # 1). Daniels then attached 99 pages of supplemental material to his complaint, including but not limited to numerous additional submissions in which he asserts various factual allegations in a piecemeal fashion. (*See* Doc. # 1-1). For example, Daniels filed: another, unsigned copy of his complaint (*see id.* at 2-7); a document titled "exhaustion of claims and screening of 1983 complaint" (*see id.* at 22); a submission requesting the appointment of a medical expert (*see id.* at 30); a separate narrative titled "HCV treatment plan" (*see id.* at 42-45); a motion asserting allegations and requesting injunctive relief (*see id.* at 46-47); a "memorandum of law and facts" in support of his complaint (*see id.* at 48); what appears to be portions of an edited "sample legal brief" (*see id.* at 49-54); a separate filing titled "facts regarding condensed services" (*see id.* at 55-57); and another document regarding what he calls "genuine facts entitlement to jury trial" (*see id.* at 75-77). These various documents, each of which assert a different set of factual allegations and legal claims, make Daniels's pleading exceptionally hard to track. The Court reads any pro se filing charitably and with accommodation, but that principle has limits.

The Sixth Circuit has made it clear that "[t]he district court and defendants should not have to 'fish a gold coin from a bucket of mud' to identify the allegations really at issue." *Kensu v. Corizon, Inc.*, 5 F.4th 646, 651 (6th Cir. 2021) (quoting *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003)). Similarly, other federal courts have emphasized that neither a district court nor defendants should have to search through a complaint and attached exhibits "'in order to glean a clear and succinct statement of each claim for relief.'" *Laster v. Pramstaller*, No. 08-CV-10898,

2008 WL 1901250, at *2 (E.D. Mich. Apr. 25, 2008) (quoting *Windsor v. Colorado Dep't of Corr.*, 9 F. App'x 967, 968 (10th Cir. 2001)).  Rather, it is the plaintiff's "'responsibility to edit and organize their claims and supporting allegations into a manageable format.'" *Laster*, 2008 WL 1901250, at *2 (quoting *Windsor*, 9 F. App'x at 968).  That did not happen here, and this alone justifies dismissing Daniels's complaint, though the Sixth Circuit made it clear in *Kensu* that any such dismissal should be *without prejudice* to the pro se litigant's right to file a more streamlined pleading regarding the matters he tried to raise. *See Kensu*, 5 F.4th at 653 (explaining that, if a complaint violates Rule 8, one option is for a district court to "dismiss without prejudice with leave to amend").

That said, the Court will also dismiss Daniels's pleading without prejudice for another reason:  it is plainly apparent from the face of his complaint that he has not yet fully exhausted his administrative remedies.  Daniels makes it clear he filed two grievances regarding the matters in question—what he refers to as "Grievance # 23078" and "Grievance # 23079." (Doc. # 1-1 at 22).  Daniels then filed his grievance documents into the record, and they indicate that:  (a) he has only fully grieved these matters through the informal resolution stage; (b) he was not satisfied with the informal resolution to his grievances; (c) he is now in the process of appealing these matters administratively; and (d) he has not yet received a response regarding his administrative appeals.  (*See id.* at 88, 98).  Daniels affirmatively admitted this final point in a cover letter attached to his submission, acknowledging that he "fail[ed] to submit appeal of grievance" and "will forward there [sic] response when received," thus making it clear that he has not yet received such a response.  (Doc. # 1-2 at 1).  Since Daniels has not fully exhausted his administrative remedies at this time, a without-prejudice dismissal is warranted.  *See*

*Fletcher v. Myers*, No. 5:11-cv-141-KKC, 2012 WL 1802618, at *2 (E.D. Ky. May 17, 2012), *affirmed*, No. 12-5630 (6th Cir. Jan. 4, 2013).

In light of the multiple problems identified above, the Court will indeed dismiss Daniels's current complaint.  However, the dismissal will be **without prejudice**, consistent with Sixth Circuit case law.  This means that, once Daniels has fully exhausted his administrative remedies, he may file a new civil action regarding the matters he tried to raise in his present submission.  The Court will send Daniels the proper, Court-approved forms needed to file such an action.

Ultimately, if Daniels elects to file a new civil action, he should complete the Court's approved E.D. Ky. 520 Civil Rights Complaint Form in its entirety  Further, he must list the defendants against who he has claims and is seeking relief, and he must more clearly and succinctly explain what each named defendant did (or failed to do) to allegedly cause him harm.  Daniels must then sign that form and file it with the Court.

If Daniels subsequently files a new action, he must also either pay the $402.00 in filing and administrative fees up front and in full or complete the following steps to properly pursue pauper status:  (a) fill out the Application to Proceed in District Court Without Prepaying Fees or Costs [AO 240 Form]; (b) have prison staff complete and sign the Certificate of Inmate Account Form [E.D. Ky. 523 Form]; and (c) file both documents with the Court.  The Court is not assessing filing and administrative fees at this time.

Accordingly, it is **ORDERED** as follows:

(1)     Daniels's current civil rights complaint (Doc. # 1) is **DISMISSED WITHOUT PREJUDICE**;

(2)     This specific civil action is **STRICKEN** from the Court's docket;

(3)     All pending motions are **DENIED** as moot;

(4) The Clerk's Office is directed to send Daniels the following blank forms:

    a. an E.D. Ky. 520 Civil Rights Complaint Form;

    b. an AO 240 Application to Proceed in District Court Without Prepaying Fees or Costs; and

    c. an E.D. Ky. 523 Certificate of Inmate Account Form;

(5) If Daniels wants to file a new civil action, he must proceed in accordance with the instructions set forth above; and

(6) The Court will enter a corresponding Judgment.

This 30th day of March, 2023.

Signed By:
*David L. Bunning* DB
United States District Judge

L:\DATA\ORDERS\PSO Orders\Daniels 0-23-037 Memorandum.docx